1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Todd M. Friedman (216752)
**Law Offices of Todd M. Friedman, P.C.** 21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: (877) 206-4741
Fax: (866)633-0228
tfriedman@toddflaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| AMBER RALLO, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR VIOLATIONS OF:** |
| PALMER ADMINISTRATIVE SERVICES, INC.; and DOES 1 through 10, inclusive, and each of them, | 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff, AMBER RALLO ("Plaintiff"), individually and on behalf of all others similarly situated, allege the following upon information and belief based upon personal knowledge:

### NATURE OF THE CASE

1.      Plaintiff brings this action individually and others similarly situated seeking damages and any other available legal or equitable remedies resulting from

the illegal actions of PALMER ADMINISTRATIVE SERVICES, INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff' privacy.

## JURISDICTION & VENUE

2.      Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, resident of California, seek relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in California state. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.      Venue is proper in the United States District Court for the District of Colorado pursuant to *18 U.S.C.   1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of Colorado and Plaintiff resides within this District.

## PARTIES

4.      Plaintiff, AMBER RALLO ("Plaintiff"), is a natural person residing in the State of Colorado and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5.      Defendant, PALMER ADMINISTRATIVE SERVICES, INC. (Defendant"), is New Jersey corporation, a marketing company and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6.      The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are

currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.    Plaintiff are informed and believe that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff are informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8.    Beginning in or around August 7, 2017, Defendant contacted Plaintiff on her cellular telephone, number ending in -2025, in an effort to sell or solicit its services.

9.    Defendant called an average of five times a day.

10.    Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

11.    Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incur a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

12.    Plaintiff is not a customer of Defendant's services and has never provided any personal information, including her cellular telephone numbers, to Defendant for any purpose whatsoever. In addition, Plaintiff told Defendant at least once to stop contacting her and Plaintiff has been registered on the Do-Not-Call Registry for at least thirty (30) days prior to Defendant contacting her. Accordingly, Defendant never received Plaintiff' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded

1    voice on their cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

2    ## CLASS ALLEGATIONS

3    13.    Plaintiff bring this action on behalf of themselves and all others

4    similarly situated, as a member of the proposed class (hereafter "The Class")

5    defined as follows:

> All persons within the United States who received any
> telephone calls from Defendant to said person's cellular
> telephone made through the use of any automatic
> telephone dialing system or an artificial or prerecorded
> voice and such person had not previously consented to
> receiving such calls within the four years prior to the
> filing of this Complaint

14.    Plaintiff represent, and are members of, The Class, consisting of All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

15.    Defendant, its employees and agents are excluded from The Class. Plaintiff do not know the number of members in The Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

16.    The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff are informed and believe and thereon allege that The Class includes thousands of members.  Plaintiff allege that The Class members may be ascertained by the records maintained by Defendant.

17.    Plaintiff and members of The Class were harmed by the acts of

Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

18.     Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a.     Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.     Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

c.     Whether Defendant should be enjoined from engaging in such conduct in the future.

19.     As persons that received numerous calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff' prior express consent, Plaintiff are asserting claims that are typical of The Class.

20.     Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff have retained attorneys experienced in the prosecution of class actions.

21.     A class action is superior to other available methods of fair and

efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

22.   The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

23.   Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## FIRST CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

24.   Plaintiff repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-25.

25.   The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

26.   As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq*., Plaintiff and the Class Members are entitled an award of $500.00 in statutory

damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

27.    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

28.    Plaintiff repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

29.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

30.    As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff  and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

31.    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request judgment against Defendant for the following:

## FIRST CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C.  227(b)(3)(B)*; and

- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and

- Any and all other relief that the Court deems just and proper.

Respectfully Submitted this 15th Day of June, 2018.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:    /s Todd M. Friedman
       Todd M. Friedman
       Law Offices of Todd M. Friedman
       Attorney for Plaintiff