# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| AMBER RALLO, on behalf of herself and all others similarly situated, | ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   **Civil Action No. 18-cv-01510-RM-MEH** |
| | ) |
| PALMER ADMINISTRATIVE SERVICES, INC., and DOES 1-10, | ) ) |
| | ) |
| Defendants. | ) |

## DEFENDANT'S MOTION TO DISMISS

Defendant Palmer Administrative Services, Inc. ("Palmer"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and D.C.COLO.LCivR 7.1, respectfully moves this Court to dismiss Plaintiff's Complaint.  As explained below, Plaintiff fails to plead any factual allegations whatsoever that would plausibly suggest that Palmer called her with an automatic telephone dialing system.  Because that is a necessary element of both of her claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, her Complaint should be dismissed for failure to state a claim.

## FACTUAL AND PROCEDURAL BACKGROUND

Palmer is a New Jersey corporation that administers auto protection plans that are marketed and sold by various independent auto dealerships and third-party dealers. Notwithstanding the fact that Palmer does not directly market its auto protection plans, Plaintiff has sued Palmer for two counts of violating the TCPA, which, among other things, prohibits certain calls to cell phones that are made with what Congress called an "automatic telephone

dialing system."   Compl. ¶¶ 24-31 (ECF No. 1) (pleading alternative claims of negligent (Count I) and willful and/or knowing (Count II) violations of the TCPA).

As the Court is aware, in light of the fact that Palmer has no record of ever calling Plaintiff (a fact wholly consistent with its business practices), the Court directed the parties to engage in informal discovery to ascertain the factual basis for Plaintiff's TCPA claims.  (ECF No. 12).   After Plaintiff failed to produce any such information, the parties appeared, through counsel, for a status conference on September 11, 2018.  (ECF No. 17).   It was not until that status conference that Palmer learned that, at some point in time, Plaintiff's counsel had a telephone call with some party who claimed to have called Plaintiff to market a Palmer-administered auto protection plan.[1]   For its part, Palmer has no record of any such calls, and Plaintiff's allegations in her Complaint provide no details about them except to state in conclusory fashion that Palmer made the calls.

## STANDARD OF REVIEW

Dismissal under Rule 12(b)(6) is appropriate when a plaintiff fails to state a cognizable legal theory or allege enough plausible facts to support the claim stated.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S.

---

[1] Palmer later learned that Plaintiff's counsel declined to share that fact with Palmer during informal discovery on the grounds that counsel's phone call with that unidentified third party was somehow attorney work product.  *But see Resolution Tr. Corp. v. Dabney,* 73 F.3d 262, 266 (10th Cir. 1995) ("Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product."); *Marcin Eng'g, LLC v. Founders at Grizzly Ranch, LLC,* 219 F.R.D. 516, 525 (D. Colo. 2003) ("[The work-product doctrine] does not apply to facts underlying or contained in such documents [prepared in anticipation of litigation]."); *Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 628-29 (N.D. Okla. 2009) ("while the work product doctrine shields the documents and things prepared by an attorney or party representative, it does not protect the underlying facts contained in the documents from discovery").

662, 678 (2009).  If the "complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility' of entitlement to relief.'" *Id*. (citation omitted).  "[T]he pleading standard [of] Rule 8 . . . demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*; *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("the *Twombly/Iqbal* standard recognizes a plaintiff should have at least some relevant information to make the claims plausible on their face"); *Jacobs v. Credit Suisse First Boston*, No. 11-cv-00042-CMA-KLM, 2011 U.S. Dist. LEXIS 112967, at *4-5 (D. Colo. Sep. 30, 2011) ("A pleader is not required to set forth 'detailed factual allegations,' but must offer more than 'labels and conclusions,' a 'formulaic recitation of the elements of a cause of action,' or 'naked assertions devoid of further factual enhancement.'") (quoting *Iqbal*, 556 U.S. at 678).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## ARGUMENT

The TCPA restricts certain calls to wireless numbers that are made with an "automatic telephone dialing system," or "ATDS," which Congress has defined as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1)(A), (b)(1)(A)(iii).  Thus, to state a claim under the TCPA, the plaintiff's complaint must allege that: (1) a call was made to a cell phone; (2) without prior express consent; and (3) using an automatic telephone dialing system or an artificial or prerecorded voice.  *See, e.g., Coniglio v. Bank of Am., NA*, 638 F. App'x 972, 973 n.1 (11th Cir. 2016).  Needless to say, not every calling technology qualifies as an ATDS.  Indeed, the D.C. Circuit Court of Appeals recently rejected as overly broad and

inconsistent with Congressional intent the Federal Communications Commission's interpretation of what qualifies as an ATDS. *See ACA Int'l v. FCC*, 885 F.3d 687, 700-03 (D.C. Cir. 2018).

But we need not plumb here the subtleties of what types of calling technology qualifies as an ATDS because Plaintiff makes absolutely *no factual allegations* that could lead the Court to conclude that the phone calls at issue in this case were dialed with an ATDS. As noted above, this is a necessary element of her TCPA claim, but she pleads *nothing* to clear her *Iqbal* hurdle of alleging enough facts that, if true, give her a *plausible* right to relief.

The "Factual Allegations" of Plaintiff's Complaint consist of just 17 lines in five paragraphs. Compl. ¶¶ 8-12. They are a textbook example of what the Supreme Court ruled was insufficient in *Iqbal*: a simple recitation of the legal elements of a claim. All she alleges is that Palmer began calling her on August 7, 2017, that Palmer called her "an average of five times a day,"[2] and that she told Palmer "at least once to stop contacting her." Compl. ¶¶ 8, 9, 12. As noted above, consistent with its business practices, Palmer has no record of calling Plaintiff. And *none* of these factual allegations tell us *anything* about whether these calls were dialed with an ATDS. Indeed, her only mention of an ATDS comes when she denies having given Palmer her prior express consent to receive calls using an ATDS. Compl. ¶ 12 ("Defendant never received Plaintiff" [*sic*] 'prior express consent' to receive calls using an automatic telephone dialing system"). But this is precisely the type of formulaic recitation of an element that will not satisfy *Iqbal's* pleading requirements. *Jacobs*, 2011 U.S. Dist. LEXIS 112967, at *4-5 (D. Colo.

---

[2] For purposes of this Motion, we pretend, of course, that these allegations are true, but Palmer notes that the call records that Plaintiff produced with her Initial Disclosures contradict this allegation. Those records indicate that Plaintiff has, for whatever reason, associated Palmer with calls she received from 13 different telephone numbers (none of which are Palmer's phone numbers). Even when these calls are combined, it is not clear that she ever received five calls in one day, and they certainly do not "average [to] five times day."

Sep. 30, 2011) ("A pleader … must offer more than 'labels and conclusions,' [and] a 'formulaic recitation of the elements of a cause of action'").

To be sure, courts do not require plaintiffs to allege the finer details of the technology that a TCPA defendant used to dial the calls at issue. But, as the Supreme Court requires, courts across the country *do* require enough factual allegations to make it *plausible* that the calls were dialed with an ATDS. *See*, *e.g.*, *Montinola v. Synchrony Bank*, No. 17-8963, 2018 U.S. Dist. LEXIS 146716, at *7 (D.N.J. Aug. 28, 2018) ("Plaintiff believes Defendant called her at least 133 times within a short period of time. These allegations, however, do not lead to a reasonable inference that Defendant used an ATDS. For example, Plaintiff does not provide any factual allegation as to whether there was a pause at the beginning of the call, whether the voice on the other end sounded robotic, or whether the calls all came from the same number."); *Musenge v. SmartWay of the Carolinas, LLC*, No. 3:15-cv-153-RJC-DCK, 2018 U.S. Dist. LEXIS 158044, at *7 (W.D.N.C. Sep. 17, 2018) ("That being said, some level of factual allegation [regarding the defendant's use of an ATDS] is required. Simply attaching reproductions of text messages with no further connection to her specific allegations is insufficient. Plaintiff fails to state a claim under the TCPA."); *Douek v. Bank of Am. Corp.*, No. 17-2313, 2017 U.S. Dist. LEXIS 141785, at *5 (D.N.J. Aug. 28, 2017) ("Importantly, the Complaint makes absolutely no factual allegations about the content of the alleged calls and text messages, nor does the Complaint provide any factual allegation about whether the calls and text messages were automated or prerecorded. Other Courts, including Courts within this District, have found that "'a bare allegation that defendants used an ATDS is not enough.'") (collecting cases); *Trenk v. Bank of Am.,* No. 17-3472, 2017 U.S. Dist. LEXIS 143410, at *5-6 (D.N.J. Aug. 28, 2017) (same); *Priester v. eDegreeAdvisor, LLC*, No. 5:15-cv-04218-EJD, 2017 U.S. Dist. LEXIS 157961, at *6

(N.D. Cal. Sep. 25, 2017) (rejecting "any contention that a TCPA plaintiff's pleading obligation is satisfied by generically alleging the use of an ATDS by a defendant"); *Curry v. Synchrony Bank, N.A.*, No. 1:15CV322-LG-RHW, 2015 U.S. Dist. LEXIS 153131, at *4 (S.D. Miss. Nov. 12, 2015) ("The majority of courts to have considered the issue [] have found that a plaintiff's bare allegation that a defendant used an ATDS is not enough.") (collecting cases); *id. at *5* (""it is entirely reasonable to demand that plaintiffs provide sufficient information about the timing and content of the calls they receive to give rise to the reasonable belief that an ATDS was used.'").

Controlling Supreme Court precedent required Plaintiff to allege sufficient facts to make plausible her claim that Palmer called her with an automatic telephone dialing system.  Having offered no such facts in her Complaint, Plaintiff has failed to plead an essential element of her claim.  Her Complaint should therefore be dismissed.

## CONCLUSION

Plaintiff has failed to plead any facts that allows the Court to plausibly conclude that she can prove an essential element of her claim—namely, that Palmer called her with an automatic telephone dialing system.  Supreme Court precedent requires that her Complaint be dismissed.

## PRACTICE STANDARDS STATEMENT

Palmer has no record of calling Plaintiff directly or speaking with Plaintiff's counsel (as Plaintiff's counsel shared during a status conference on September 11, 2018 with the Honorable Michael E. Hegarty).  Moreover, during informal discovery, no information was produced to suggest that Palmer did in fact make the alleged calls itself nor was any information produced that would suggest an ATDS was used.  Palmer therefore regards Plaintiff's pleading defects as incurable.  Notwithstanding the foregoing, on September 27, 2018, its undersigned counsel left

voicemails for Plaintiff's attorneys and also shared via email the principal authority relied on above regarding the ATDS-related pleading defects in Plaintiff's Complaint.  As of the time of this filing, Palmer's counsel has received no response.

September 28, 2018                          Respectfully submitted,

                                           PALMER ADMINISTRATIVE SERVICES, INC.

                                           By counsel

                                           /s/ Joseph P. Bowser
                                           Mitchell N. Roth
                                           Genevieve C. Bradley
                                           ROTH JACKSON
                                           8200 Greensboro Drive, Suite 820
                                           McLean, Virginia 22102
                                           Phone: 703-485-3531
                                           Fax: 703-485-3525
                                           mroth@rothjackson.com
                                           gbradley@rothjackson.com

                                           and

                                           Joseph P. Bowser
                                           ROTH JACKSON
                                           11 South 12th St., Suite 500
                                           Richmond, VA 23219
                                           Phone: 804-441-8701
                                           Fax: 804-441-8438
                                           jbowser@rothjackson.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 28, 2018, a true and correct copy of the foregoing Motion to Dismiss was filed with the Clerk via the Court's CM/ECF service, which will serve notice of filing on all counsel of record indicated on the service list below

s/ Joseph P. Bowser
Joseph P. Bowser


Service List

Todd M. Friedman
Law Offices of Todd M. Friedman
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
(877) 206-4741
(866) 633-0228 (Facsimile)
tfriedman@toddflaw.com

*Counsel for Plaintiff*