IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01510-RM-MEH

AMBER RALLO, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

PALMER ADMINISTRATIVE SERVICES, INC., and
DOES 1–10,

    Defendants.
_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Defendant Palmer Administrative Services, Inc.'s Motion to Dismiss. ECF No. 18. Defendant argues that Plaintiff's Complaint fails to state a claim for relief under the Telephone Consumer Protection Act ("TCPA"), because it does not allege the phone calls at issue were made using an "automatic telephone dialing system" ("ATDS") or an artificial or prerecorded voice. For the reasons that follow, I respectfully recommend that the Motion to Dismiss be **granted**.

## BACKGROUND

    The following are factual allegations made by Plaintiff in the Complaint, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    Plaintiff began receiving calls from Defendant on her cellular telephone on approximately August 7, 2017. ECF No. 1 ¶ 8. Plaintiff received about five calls per day in which Defendant would solicit its services. *Id.* ¶¶ 8-9. Plaintiff is not a customer of Defendant, and she received these calls despite being registered on the "Do-Not-Call Registry" for at least thirty days before

Defendant's calls began. *Id.* ¶ 12. She also directed Defendant to stop calling her at least once. *Id.* At no time did Plaintiff give her express consent to receive these calls. *Id.*

Based on these facts, Plaintiff filed this action on June 15, 2018, asserting two claims under the TCPA: (1) for negligent violations; and (2) for knowing or willful violations. *Id.* ¶¶ 24-31. Defendant filed the present Motion on September 28, 2018, ECF No. 18, which was fully briefed on November 2, 2018, ECF No. 21.

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations that are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on

2

context." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

## **ANALYSIS**

Defendant seeks an order dismissing the Complaint, because Plaintiff makes no allegation that it used an ATDS or an artificial or prerecorded voice for the calls, which is an essential element of a TCPA claim. ECF No. 18 at 3-6. Relevant here, the TCPA states "[i]t shall be unlawful for any person . . . . to make any call . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . ." 47 U.S.C. § 227(b)(1)(A). The statute defines an ATDS as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator; and . . . to dial such numbers." § 227(a)(1). Thus to state a TCPA claim, a plaintiff must allege the following three elements:

3

> (1) "[a defendant made] any call . . ."; (2) "using any automatic telephone dialing system or an artificial or prerecorded voice"; and (3) "to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."

*Forrest v. Genpact Servs., LLC*, 962 F. Supp. 2d 734, 736 (M.D. Pa. 2013) (quoting 47 U.S.C. § 227(b)(1)(A)(iii)).

Defendant now argues that the suit should be dismissed, because "Plaintiff makes absolutely no factual allegations that could lead the Court to conclude that the phone calls at issue in this case were dialed with an ATDS." ECF No. 18 at 4 (emphasis omitted). Plaintiff disputes that she does not allege this element, citing solely to Paragraph 19 of her Complaint. *See* ECF No. 20 at 7. Paragraph 19 reads in its entirety:

> As persons that received numerous calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff[s]' prior express consent, Plaintiff[s] are asserting claims that are typical of The Class.

ECF No. 1 ¶ 19. Based on this allegation alone, Plaintiff argues she has alleged she received calls that violated § 227(b)(1)(A). ECF No. 20 at 7.

Defendant counters that this lone assertion is insufficient to meet Plaintiff's Rule 12(b)(6) burden, because it is nothing more than a "[t]hreadbare recital[] of the elements of a cause of action" that does not suffice to survive a motion to dismiss. ECF No. 21 at 2 (quoting *Iqbal*, 556 U.S. at 678). At this point, I note that Paragraph 19 of the Complaint recites—nearly verbatim—the statutory language in 47 U.S.C. § 227(b)(1)(A). *Compare* ECF No. 1 ¶ 19 ("using an automatic telephone dialing system or an artificial or prerecorded voice), *with* 47 U.S.C. § 227(b)(1)(A) ("using any automatic telephone dialing system or an artificial or prerecorded voice").

The issue of a plaintiff's burden in pleading a TCPA violation (specifically, as it relates to alleging the call was made by an ATDS) has been addressed by many district courts with varying

4

results. In *Torres v. National Enterprise Systems, Inc.*, the court recognized that a plaintiff has no realistic means of alleging the type of machine that may have generated a call without the benefits of discovery. No. 12 C 2267, 2012 WL 3245520, at *3 (N.D. Ill. Aug. 7, 2012). As such, it permitted the plaintiff's TCPA claim to proceed based on allegations that did nothing more than recite the relevant statutory language. *See id.* Other courts have required some additional allegation to make the claim plausible. For example, one court has concluded that "[i]t is not unreasonable . . . to require a plaintiff to describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via [an] ATDS." *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012).

To resolve this conflict, I will rely on the Supreme Court's established process for evaluating a motion to dismiss, which it articulated in *Iqbal* and *Twombly*. First, a court is to identify the "allegations in the complaint that are not entitled to the assumption of truth." 556 U.S. at 680. Those allegations include "legal conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 678. An allegation that merely recites statutory language is not entitled to the presumption. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A]llegations that parrot the language of [a statute] . . . are not well-pleaded facts . . . ."); *Gordon v. Impulse Mktg., Inc.*, No. CV-04-5125-FVS, 2007 WL 9717424, at *2 (E.D. Wash. May 10, 2007) (dismissing claims supported by "conclusory allegations that mirror the language of the governing statutes"); *In re Sprint Corp. ERISA Litig.*, 388 F. Supp. 2d 1207, 1237 (D. Kan. 2004) (finding a complaint that "simply parrot[s] the statutory language and contain[s] no factual allegations" insufficient to survive a motion to dismiss (citation omitted)). In this case, Paragraph

19 of the Complaint does nothing more than recite the relevant statute, and it is not entitled to the presumption of truth.

The second step in the *Iqbal* process requires a court to consider the factual allegations that are entitled to the presumption of truth and determine whether they plausibly state a claim to relief. 556 U.S. at 681. Here, after eliminating Paragraph 19, the Complaint does not allege any fact that plausibly suggests the calls Plaintiff received originated from an ATDS or used an artificial or prerecorded voice. Absent such an allegation, her TCPA claims must fail.

This conclusion does not put a TCPA plaintiff in an insurmountable position to allege a TCPA claim. Several courts have recognized that a plaintiff plausibly alleges a call originated from an ATDS when it has characteristics of an automated call. *See e.g.*, *Asher v. Quicken Loans, Inc.*, No. 2:17-cv-1203, 2019 WL 131854, at *3 (D. Utah Jan. 8, 2019) (finding calls "bore indicia of an automated dialer" when the plaintiff alleged that he experienced "a delay before [he] is able to speak to anyone"); *Sessions v. Barclays Bank Del.*, 317 F. Supp. 3d 1208, 1213 (N.D. Ga. 2018) (finding a plaintiff plausibly alleged a call originated from an ATDS when she stated she experienced five or more seconds of "dead air" before a person would respond on the phone); *Vance v. Bureau of Collection Recovery LLC*, No. 10-cv-06324, 2011 WL 881550, at *3 (N.D. Ill Mar. 11, 2011) (denying a motion to dismiss when the plaintiff alleged "there was a prerecorded voice that answered and told her to hold for assistance" after she answered the phone). But here, Plaintiff's complaint has no analogous allegation. Therefore, I find she has not alleged her TCPA claims.

The cases Plaintiff cites to support an opposite conclusion are unpersuasive. First, *Lee v. Stonebridge Life Insurance Co.*, 289 F.R.D. 292 (N.D. Cal. 2013) addressed a motion for class certification and does not address the issue of a plaintiff's pleading burden to survive a motion to

dismiss under Rule 12(b)(6).  Second, Plaintiff cites to *In re Jiffy Lube International, Inc., Text Spam Litigation*, 847 F. Supp. 2d 1253 (S.D. Cal. 2012), which addressed the issue of whether the plaintiffs sufficiently alleged text messages they received originated from an ATDS.  *See id.* at 1260.  There, the plaintiffs alleged they received "a text message from an SMS short code and that the message was sent by a machine with the capacity to store or produce random telephone numbers."  The court found this statement sufficient to allege the messages came from an ATDS under *Twombly*.  *Id.*

The text messages at issue in *In re Jiffy Lube* bore some indicia that they were sent using an ATDS—specifically, that it originated from "an SMS short code."  Thus, the plaintiffs in the case alleged non-conclusory facts to make the claim plausible.  Here, none of Plaintiff's citations persuade me that a TCPA claim should be subject to a lesser pleading standard than the Supreme Court has established in *Iqbal* and *Twombly*.  For these reasons, Plaintiff's claims must fail.

## CONCLUSION

Plaintiff does not allege that the calls she received originated from an ATDS or otherwise violated 47 U.S.C. 227(b)(1)(A).  Therefore, I respectfully RECOMMEND that Defendant's Motion to Dismiss [filed September 28, 2018; ECF No. 18] be **GRANTED**.[3]

---

[3] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  Fed. R. Civ. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Duffield v. Jackson*,

Respectfully submitted this 3rd day of April, 2019, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).